# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB - 6 2019

DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 19-CM-11
)
One Apple iPhone, Model A1661 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ____Western____ District of ____Arkansas____, there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. 841(a)(1) | Distribution of a Controlled Substance |
| 21 U.S.C. 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |
| 21 U.S.C. 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |

The application is based on these facts:

See affidavit of DEA SA Robert N. Robinson, III

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

DEA SA Robert N. Robinson, III
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/6/19

City and state: Fayetteville, Arkansas

_____
Judge's signature

Hon. Erin L. Wiedemann, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE TO SEARCH

I, Robert N. Robinson III, a Special Agent (SA) with the Drug Enforcement Administration (DEA), being first duly sworn, do hereby depose and state as follows:

## INTRODUCTION

1. I, Robert N. Robinson III, am a Special Agent (SA) with the Drug Enforcement Administration ("DEA"), United States Department of Justice, currently assigned to the New Orleans Field Division/Fayetteville Resident Office of DEA, High Intensity Drug Trafficking Area ("HIDTA"). I have been employed as a DEA Special Agent for over six years, having previously worked for twelve years as an officer in the Shreveport Police Department, including seven years as a narcotics detective and two years as a DEA Task Force Officer. During my employment, I have personally conducted or assisted in numerous investigations of criminal violations of the Controlled Substances Act and federal drug trafficking statutes. Many of these investigations have also focused on organizations who have distributed, manufactured, or derived income from illegal sources, specifically from the unlawful distribution of heroin, methamphetamine, marijuana, and other controlled substances. The statements contained in this affidavit are based on investigative efforts of this affiant, other law enforcement officials, and on my experience and background as a Task Force Officer with the DEA.

2. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses and includes information from the following reliable sources:

1

a. Physical surveillance conducted by the DEA, the Fourth Judicial District Drug Task Force ("DTF"), the Benton County Sheriffs Office ("BCSO"), the Springdale Police Department ("SPD"), which has been reported to me directly or indirectly;

b. Review of telephone call records and subscriber information.

This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

4. This affidavit is made in support of an application to search the contents of a blue KYOCERA cell phone (Model:S2720pp) (IMEI:015247001591866) and a black and pink in color iPhone in a white phone case, the "SUBJECT PHONES", that are currently stored in the non-drug evidence vault at the DEA Fayetteville Resident Office ("FRO") for fruits, evidence, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, the "Subject Offenses," that is possession with intent to distribute a controlled substance, distribution of a controlled substance, conspiracy to possess controlled substances with intent to distribute, and conspiracy to distribute controlled substances. One of the SUBJECT PHONES had call number (314) 202-3765 when it was in use, prior to being seized by law enforcement, during the arrest of Raul MARTINEZ on January 4, 2019, and was the cell phone used by Raul MARTINEZ. Raul MARTINEZ is in the custody of the United States Marshals Service after his arrest on a Criminal Complaint.

## INVESTIGATION

5. Agents with the DEA-FRO assisted by detectives and officers with local law enforcement agencies are actively investigating the distribution of methamphetamine in the

Western District of Arkansas. During the course of this investigation, law enforcement identified Raul MARTINEZ as a distributor of methamphetamine in Northwest Arkansas.

6. In December of 2018, the DEA FRO developed a reliable, confidential source ("CS"). The CS advised he/she was being supplied multi-pound quantities of methamphetamine from Raul MARTINEZ. On December 12, 2018, the DEA FRO utilized the CS to make phone contact with Raul MARTINEZ at cell number (314) 202-3765. Martinez agreed to meet the CS on December 13, 2018. On December 13, 2018, DEA FRO met the CS at a predetermined location. Agents searched the CS for illegal narcotics and contraband with negative results, and provided the CS an audio/video recording device. The CS stated MARTINEZ would "front" him/her three pounds of methamphetamine. The CS advised that he/she would be indebted to MARTINEZ for the methamphetamine, with payment to be made on a later date. The CS had previously confirmed the deliveries would take place on a rural Washington County dirt road, later identified as Taylor Road (Washington County 852) in Springdale, Arkansas in the Western District of Arkansas. The CS advised that MARTINEZ would call him/her just prior to arriving at the location and that MARTINEZ would meet him/her in the middle of the road to conduct the drug transaction.

7. At approximately 4:05 pm, MARTINEZ called the CS and advised he was near the meeting location. At approximately 4:11 pm, TFO Lee Smith observed the Grey Nissan Versa that Raul MARTINEZ was driving, displaying Arkansas vehicle license plate 513-XGC, approach Taylor Road on Old Highway 68 and turn south onto Taylor Road in Springdale, Arkansas. At approximately 4:14 pm, SA Robinson observed, via the audio/video recording device, that Raul MARTINEZ met with the CS and distributed approximately three pounds of methamphetamine to the CS. Once the transaction was completed, the CS departed northbound

and Raul MARTINEZ traveled south to Highway 412 where he proceeded west towards Siloam Springs, Arkansas in the Nissan Versa.

8.  The CS met with agents at a predetermined location. The CS relinquished custody of the approximate three pounds of methamphetamine to agents on this date. The methamphetamine field-tested positive for the presence of methamphetamine. The agents again searched the CS' person with negative results.

9.  On January 4, 2019, the Honorable United States Magistrate Judge Erin L. Wiedemann issued an Arrest Warrant for Raul MARTINEZ in the Western District of Arkansas. The offense is described as Title 21, United States Code, Section 841(a)(1) for Distribution of Methamphetamine.

10. At approximately 2:50 p.m., BCSO Deputies Steven Scott and Bobby Main conducted a traffic stop on a Silver Cadillac CTS bearing Arkansas Plate #718XBB (registered to: Raul Martinez and Sandra Pacheco, Address: 4104 Miller Drive, Springdale, Arkansas). The driver, who was alone in the vehicle, was identified as Raul MARTINEZ and he was placed under arrest for the federal arrest warrant by the deputies.

11. DEA FRO Special Agent Robert Robinson and BSCO Detective Blaine Miller made contact with Raul MARTINEZ. SA Robinson informed Raul MARTINEZ that he was under arrest for the federal warrant. SA Robinson informed Raul MARTINEZ that a federal search warrant had been issued for his residence identified as 4104 Miller Drive, Springdale, Arkansas. SA Robinson advised Raul MARTINEZ of his Miranda rights as witnessed by Det. Miller. Raul MARTINEZ informed SA Robinson that he did not want to speak at this time.

4

12. SA Robinson observed the SUBJECT PHONES located in the cup holder of the center console inside Raul MARTINEZ's Cadillac. SA Robinson, as witnessed by Det. Miller, seized the SUBJECT PHONES. Raul MARTINEZ acknowledged that the SUBJECT PHONES were his but denied consent to search the SUBJECT PHONES. The SUBJECT PHONES were later processed into DEA evidence.

13. Based upon my experience, specialized training, and information I have received from officers of other law enforcement agencies, including other Federal, State and local law enforcement agencies involved in the investigation of controlled substance offenses, I know that individuals involved in the transportation and distribution of illegal controlled substances commonly use cell phones to communicate with their criminal associates regarding their drug trafficking activities. These cell phones store and contain information regarding these communications such as call logs, phone books, text messages, email messages, voice mail messages, photographs, and videos. I know that in many cases, narcotic traffickers store names of co-conspirators and criminal associates in the electronic memory of cellular telephones, and I know that narcotic traffickers also commonly take or cause to be taken photographs and videos of themselves, their associates, their property, and their illegal products. Such photographs and videos are taken and stored in cell phones. As a result of my experience and training, I have also learned that people involved in the distribution of illegal controlled substances often keep a ledger or other record of their sales, and that these people often store these records on paper or electronically in their smart phones and on their computers. I know, from the investigation of Robert Peeler, that he used the target telephone to facilitate his drug trafficking activities.

## CONCLUSION

14.     Throughout this investigation, and based on the information set forth in the paragraphs above, your affiant believes that Raul MARTINEZ was involved in methamphetamine distribution and was utilizing the SUBJECT PHONES, more particularly described in Attachment "A" to communicate with other methamphetamine suppliers, users and customers.

15.     Based upon the foregoing information, your affiant submits that there is probable cause to believe that the items set forth in Attachment "B," described as fruits, evidence, and instrumentalities of crimes against the United States of America, that is, violations of Title 21, United States Code, Sections 841(a)(1) and 846, the Subject Offenses, that is possession with intent and distribution of controlled substances, conspiracy to possess controlled substances with intent to distribute, and conspiracy to distribute controlled substances are being concealed in the locations described in Attachment "A."

_____
Robert N. Robinson III
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on the ___ day of February, 2019.

_____
HONORABLE ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

6

## ATTACHMENT "A"

## ITEM TO BE SEARCHED

The item to be searched is a black iPhone in a red case (Model: A1661) (FCCID: BCG-E3087A) that was seized by law enforcement on January 4, 2019 from Erick ARJON-HERNANDEZ, and that is currently stored in the non-drug evidence vault at the DEA Fayetteville Resident Office.



1

## ATTACHMENT "B"

## ITEMS TO BE SEIZED

There is now being concealed certain property, which constitutes evidence of violations of Title 21, United States Code, Section 841, 846 – possession/distribution of a controlled substance with intent distribute, conspiracy. The items to be seized are as follows:

a. All internet browsing history, as well as telephonic, text and electronic mail messages between co-conspirators, and other persons, known and unknown, regarding the unlawful acquisition, disposition, and/or transfer of controlled substances; information regarding the payment(s) for the controlled substances; or the acquisition, transfer, or concealment of assets, money, or proceeds by any means;

b. All bank records, wire transfer records, bank statements, financial records and notes, checks, credit card bills, account information, and other financial records;

c. Correspondence, notations, logs, receipts, journals, books, records, and other documents noting the price, quantity and/or times when controlled substances were obtained and/or transported, and/or sold;

d. Any and all address books, telephone records, telephone books, date books, calendars, payment records, and telephone bills and documents and other items reflecting names, addresses, and telephone numbers;

e. Records, including stored historical GPS location data, of off-site locations to store records or controlled substances, including safe deposit keys, records, receipts, rental agreements for storage facilities;

f. Records of mail and communication services;

g. Mementos, including photographs, and other historical keepsake items which document the association of co-conspirators, with each other and other suspected associates involved in the receipt and transport of controlled substances;

h. Text messages and other communications stored on the electronic devices relating to the receipt and transportation or identification of co-conspirators;

i. Any information related to the sources of controlled substances or information on use of controlled substances (including names, addresses, phone numbers, or any identifying information);

j. Evidence of user attribution showing who used or owned the device at the time of things described in this warrant were created, edited, deleted, such as logs, phonebooks, photographs, saved usernames and passwords, documents, spreadsheets, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of

2

evidence in whatever form by whatever means they have been created or stored.

3